IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

| | |
|---|---|
| JESSE MANUEL SKINNER, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil Action No. 1:19-00528 |
| ) | |
| WARDEN C. MARUKA, ) | |
| ) | |
| Respondent. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court are the following: (1) Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Document No. 1), filed on July 18, 2019; (2) Petitioner's "Petition for Emergency Writ of Habeas Corpus Ad Subjiciendum Pursuant to Title § 28 U.S.C. §§ 1331, 1657, 2241, 2255(f)" (Document No. 3), also filed on July 18, 2019; and (3) Petitioner's "Writ of Habeas Corpus Ad Testificandum Seeking Order from this Court to Conduct Hearing and/or Forthwith Grant Writ of Habeas Corpus Ad Subjiciendum and Order Petitioner Released from Unlawful Custody As Law and Justice Requires and/or Release Petitioner on Bail Pending Adjudication of Instant Habeas Proceeding" (Document No. 6), filed on September 23, 2019.[1] By Standing Order, this matter was referred to a United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 5.)

**FACT AND PROCEDURE**

**A.     Criminal Action No. 1:02-cr-00093:**

On June 6, 2003, following a seven day jury trial, Petitioner was convicted in the

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Southern District of Mississippi of one count of Possession with Intent to Distribute 100 Doses of Ecstasy in violation of 21 U.S.C. § 841(a)(1) (Count One); one count of possession of Pseudoephedrine for Manufacture of Controlled Substance in violation of 21 U.S.C. § 841(c)(2) (Count Two); one count of Conspiracy to Manufacture in Excess of 50 Grams of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count Four); one count of Possession with Intent to Distribute More Than One Gram of LSD in violation of 21 U.S.C. § 841(a)(1) (Count Five); two counts of Assault on a Law Enforcement Officer in violation of 18 U.S.C. § 111(a)(1) and (b) (Counts Seven and Eight); one count of Receiving and Possessing an Unregistered Destructive Device in violation of 26 U.S.C. §5841 (Count Nine); one count of Making False Statements to Licensed Firearms Dealer in violation of 18 U.S.C. § 922(a)(6) (Count Eleven); and one count of Conspiracy to Import Ecstasy and LSD in violation of 21 U.S.C. §§ 952(a) and 960 (a)(1). United States v. Skinner, Case No. 1:02-cr-00093 (S.D.Miss. Feb. 17, 2004), Document No. 102. On February 17, 2004, the District Court sentenced Petitioner as follows: "Imprisonment for a total term of 480 months as to each of Counts 4 and 5; terms of 240 months as to each of Counts 1, 2, and 12; and terms of 120 months as to Counts 9 and 11, to be served concurrently. It is further ordered that the defendant to be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 60 months as to each of Counts 7 and 8, with each term running concurrently to each other and consecutively to the terms of imprisonment imposed in Counts 1, 2, 4, 5, 9, 11, and 12." Id., Document No. 136.

On January 26, 2004, Petitioner filed his Notice of Appeal. Id., Document No. 131. In his appeal, Petitioner argued as follows: (1) The District Court erred in denying his motion to suppress the evidence; and (2) Petitioner's sentence must be reversed in light of Blakely v.

Washington, 124 S.Ct. 2531 (2004) and United States v. Booker, 125 S.Ct. 738 (2005). Id., Document No. 142. By Per Curiam Opinion filed on June 24, 2005, the Fifth Circuit affirmed Petitioner's conviction and sentence. Id., Documents No. 142 and 143; United States v. Skinner, 132 Fed.Appx. 554 (5th Cir. 2005). On November 10, 2005, the United States Supreme Court denied Petitioner's petition for writ of certiorari. Skinner v. United States, 546 U.S. 995, 126 S.Ct. 592, 163 L.Ed.2d. 492 (2005).

B.   **First Section 2255 Motion:**

On October 27, 2006, Petitioner filed in the Southern District of Mississippi his first Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Id., Document No. 153. Petitioner asserted the following grounds of error:

1. Petitioner was denied his Sixth Amendment right to effective assistance of counsel based on the following:

    a.  The performance of counsel fell below an objective standard of reasonableness during the pretrial, trial, sentencing, and direct appeal process.

    b.  Counsel failed to obtain or present the medical records of TFA Bordages and TFA Shows, or to appeal the Government's failure to disclose said records in discovery.

    c.  Counsel failed to challenge the failure of the record to demonstrate that Petitioner's indictment was returned in open court.

    d.  Counsel failed to retain or use an expert witness to counter the Government's testimony as to the number, type, and source of pellets which allegedly hit TFA Bordages and TFA Shows and the Government's testimony as to the conversion rate in manufacturing methamphetamine.

    e.  Counsel failed to move for a downward departure under U.S.S.G. § 5K2.0 due to outrageous conduct by the Government during the pretrial and trial proceedings when the Government violated the Court' Order on discovery.

3

      f.      Petitioner was prejudiced by the cumulative impact of multiple deficiencies or errors by counsel during the pretrial, trial, sentencing, and direct appeal process.

2. Petitioner was denied due process of law in the pretrial and trial process when the Government failed to disclose the medical records of TFA Bordages and TFA Shows.

3. Petitioner's sentence is violative of his Fifth Amendment constitutional right to due process of law because the Court lacked knowledge of the available range of sentencing discretion under applicable law.

4. Petitioner's conviction was predicated upon evidence which was seized pursuant to a search warrant which was facially defective and issued in violation of Petitioner's Fourth Amendment constitutional rights.

5. Petitioner's claim of ineffective assistance of trial counsel in violation of the Sixth Amendment in failing to adequately prepare and pursue a proper motion to suppress.

6. Petitioner asserts that the search warrant issued in this case was issued in violation of Fed. R. Crim. P. 41.

Id. The United States filed its Response in Opposition on January 12, 2007. Id., Document No. 155. On April 27, 2007, Petitioner filed his Reply. Id., Document No. 156. On February 12, 2008, Petitioner filed his Addendum in Reply to the United States' Response. Id., Document No. 170. On December 22, 2008, Petitioner filed his "Motion to Quash Indictment." Id., Document No. 177. On February 19, 2009, and March 2, 2009, Petitioner's trial counsel filed Affidavits in response to Petitioner's claims of ineffective assistance of counsel. Id., Document Nos. 179 and 180. By Order entered on July 14, 2009, the District Court denied Petitioner's Section 2255 Motion and Motion to Quash Indictment. Id., Document No. 181. On July 24, 2009, Petitioner filed his Motion for Reconsideration. Id., Document No. 182. On September 11, 2009, Petitioner filed his Notice of Appeal. Id., Document No. 183. By Order entered on January 12, 2010, the District Court denied Petitioner's Motion for Reconsideration. Id., Document No. 186. By Order

filed on August 11, 2010, the Fifth Circuit denied Petitioner's request for a certificate of appealability. Id., Document No. 189. On January 18, 2011, the United States Supreme Court denied Petitioner's petition for writ of certiorari. Id., Document No. 194.

On September 30, 2011, Petitioner filed a Motion for Rule 60(b) Relief and Motion for Evidentiary Hearing. Id., Document No. 203. By Order entered on March 5, 2012, the District Court denied Petitioner's above Motion. Id., Document No. 211. On March 26, 2012 and April 5, 2012, Petitioner filed his Notices of Appeal. Id., Document Nos. 214 and 218. In his appeal, Petitioner argued that the United States engaged in fraud during his Section 2255 proceedings and the District Court erred in denying his motion to compel production of medical records and motion for an evidentiary hearing. Id. On August 31, 2012, the Fifth Circuit denied Petitioner's request for a certificate of appealability. Id., Document No. 228. The Fifth Circuit also denied Petitioner's motion to stay mandatory injunction and for production of medical records. Id.

**C.     Request for Permission to File Second Section 2255 Motion:**

On December 1, 2010, Petitioner filed in the Southern District of Mississippi a "Notice for Filing Second Successive § 2255." Id., Document No. 192. On January 21, 2011, Petitioner advised the District Court that he intended to request permission from the Fifth Circuit to file a successive Section 2255 Motion based upon the discovery of new evidence. Id., Document No. 195. On July 14, 2011, Petitioner filed a Motion for Authorization to File a Successive Section 2255 Motion with the Fifth Circuit. In re. Skinner, Case No. 11-60478 (5th Cir. 2011). In support, Petitioner stated that he wished to raise the following claims: (1) nondisclosure of exculpatory evidence; (2) prosecutorial subornation of perjured testimony; and (3) prosecutorial misconduct. Id. By Order filed on September 6, 2011, the Fifth Circuit denied Petitioner's Motion for

Authorization to File a Successive Section 2255 Motion. Id., Document No. 00511589541. The Fifth Circuit stated that "Skinner has not shown that his claims are based on either newly discovered evidence or a previously unavailable rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review." Id.

**D.     Second Section 2255 Motion:**

On June 9, 2014, Petitioner filed in the Southern District of Mississippi his second Section 2255 Motion and Memorandum in Support. Skinner, 1:02-cr-00093, Document Nos. 230 and 231. In support, Petitioner argued Guideline enhancements not proven beyond a reasonable doubt to a jury violated Alleyne v. United States, 133 S.Ct. 2151 (2013). Id. On November 6, 2014, the United States filed its Response in Opposition. Id., Document No. 234. On December 8, 2014, Petitioner filed his Reply. Id., Document No. 235. On February 4, 2015, the District Court dismissed Petitioner's Section 2255 Motion. Id., Document No. 238. The District Court first noted that Petitioner's Section 2255 Motion was successive. Id. Next, the District Court noted that even if Petitioner had obtained authorization to file a successive Motion, Petitioner's Motion would fail on the merits. Id. The District Court explained that the Fifth Circuit had held that Alleyne did not apply retroactively. Id. Finally, the District Court stated "even if *Alleyne* were to be applied retroactively here, Skinner would not obtain relief he seeks" because "[t]he sentencing court did not apply facts that raised the statutory minimum sentence." Id. On February 27, 2015, Petitioner filed his Notice of Appeal. Id., Document No. 239. On April 2, 2015, the Fifth Circuit dismissed Petitioner's appeal. Id., Document No. 240.

**E.     Motion to Reduce Sentence:**

On July 6, 2015, Petitioner filed in the Southern District of Mississippi his "Motion to

Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and in Conjunction with the Minus Two Amendment 782." Id., Document No. 241. By Order entered on December 14, 2015, the District Court granted Petitioner's Motion and reduced his sentence to 420 months. Id., Document No. 267. Specifically, Petitioner's sentence was reduced to the following: "360 months as to Counts 4 and 5, 240 months as to Counts 1, 2, and 12, 120 months as to Counts 9 and 11, all to run concurrently; 60 months as to Counts 7 and 8 to run concurrently to each other but consecutively to Counts 1, 2, 4, 5, 9, 11, and 12, for a total term of 420 months of imprisonment." Id.

**F.      Third Section 2255 Motion:**

On May 15, 2017, Petitioner filed in the Southern District of Mississippi his third Section 2255 Motion. Id., Document No. 269. In support, Petitioner argued as follows: (1) Petitioner's charges were improperly "removed" from State court; (2) The State court judge lacked authority to sign the search warrant; (3) DEA Task Force Agent Metcalf lacked authority to sign his Criminal Complaint; and (4) Neither methylenedioxymethamphetamine (ecstasy) nor pseudoephedrine are federal controlled substances. Id. On June 12, 2017, Petitioner filed a Motion to Dismiss the Indictment arguing that the District Court lacked jurisdiction because the crime occurred in Harrison County, Mississippi, and his alleged crimes were state crimes that could not be removed to federal court. Id., Document No. 272. On October 26, 2017, the United States filed its Response in Opposition to the above Motions. Id., Document Nos. 276 and 277. On November 3, 2017, Petitioner filed his Motion to Withdraw his Section 2255 Motion. Id., Document No. 278. On December 27, 2017, Petitioner filed his Reply to the United States' Response to Petitioner's Motion to Dismiss the Indictment. Id., Document No. 281 and 282. By Orders entered on January 23, 2018, the District Court denied Petitioner's Motion to Dismiss the

7

Indictment and Petitioner's Section 2255 Motion and denied as moot Petitioner's Motion to Withdraw. Id., Document Nos. 284 - 286. Although the District Court noted that Petitioner's Section 2255 Motion was successive, the District Court considered Petitioner's claims and found them to be without merit. Id., Document No. 285.

**G.     Motion to Reduce Sentence:**

On December 2, 2019, Petitioner filed in the Southern District of Mississippi his Motion to Reduce Sentence based upon the First Step Act. Id., Document No. 287. The above Motion is currently pending.

**H.     Second Request for Permission to File a Successive Section 2255 Motion:**

On August 17, 2018, Petitioner filed a Motion for Authorization to File a Successive Section 2255 Motion with the Fifth Circuit. In re. Skinner, Case No. 18-60573 (5th Cir. 2018). In support, Petitioner stated that he wished to challenge the issuance of the search warrant, criminal complaint, and indictment as well as the jurisdiction of the federal district court. Id. By Order filed on October 5, 2018, the Fifth Circuit denied Petitioner's Motion for Authorization to File a Successive Section 2255 Motion. Id., Document No. 00514671461. The Fifth Circuit stated that "Skinner has not shown that his claims are based on either newly discovered evidence or a previously unavailable rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review." Id. Further, the Fifth Circuit found that Petitioner failed to establish that he should be allowed to file a successive Section 2255 Motion based on his actual innocence. Id.

**I.     Instant Section 2241 Petition:**

On July 18, 2019, Petitioner filed in this Court his Petition for a Writ of Habeas Corpus

Under 28 U.S.C. § 2241, "Petition for Emergency Writ of Habeas Corpus Ad Subjiciendum Pursuant to Title § 28 U.S.C. §§ 1331, 1657, 2241, 2255(f)," and Memorandum in Support. (Civil Action 1:19-00528, Document Nos. 1, 3, and 4.) First, Petitioner argues that the search warrant in his underlying criminal case was invalid because the State judge that signed the search warrant lacked authority to sign it. (Document No. 3, pp. 20 – 24.) Second, Petitioner argues that the DEA Task Force Agent Metcalf lacked authority to sign the Criminal Complaint against Petitioner. (Id., pp. 24 – 26.) Third, Petitioner argues that his Indictment was defective because it failed to establish federal jurisdiction. (Id., pp. 26 – 36.) Finally, Petitioner argues that the United States District Court for the Southern District of Mississippi lacked subject matter jurisdiction concerning his criminal proceedings. (Id., 36 – 47.) Therefore, Petitioner requests that this Court order his release from custody. (Id.)

On September 23, 2019, Petitioner filed a "Writ of Habeas Corpus Ad Testificandum Seeking Order from this Court to Conduct Hearing and/or Forthwith Grant Writ of Habeas Corpus Ad Subjiciendum and Order Petitioner Released from Unlawful Custody As Law and Justice Requires and/or Release Petitioner on Bail Pending Adjudication of Instant Habeas Proceeding." (Id., Document No. 6) Petitioner states that this is "a pure § 2241 Petition that proves [Petitioner] is in custody in violation of the Constitution and laws and treaties of the United States in that the United States federal government and the United States District Court in question has NEVER obtained lawful jurisdiction over [Petitioner] and/or [Petitioner's] privately owned property and the judgment rendered by the district court in the case-in-re is not voidable, but simply VOID." (Id.) Petitioner explains that he may pursue his claims by way of a Section 2241 Petition because he is challenging the "legality" of his conviction. (Id.) Petitioner then sets

forth the same arguments as contained in his Section 2241 Petition. (Id.) In conclusion, Petitioner requests that this Court "order the Respondent to forthwith release [him] from unlawful custody as the law and justice requires." (Id.)

**J.      Fourth Section 2255 Motion:**

On March 26, 2020, Petitioner filed in the Southern District of Mississippi his fourth Section 2255 Motion, Memorandum in Support, and Motion for Evidentiary Hearing. Skinner, 1:02-cr-00093, Document Nos. 289 – 291. In support, Petitioner again argues that the District Court lacked jurisdiction and the search warrant was invalid because the State judge lacked authority to sign the warrant. Id.

## ANALYSIS

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255.

While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his conviction and sentence as imposed by the Southern District of Mississippi. Specifically, Petitioner alleges that the search warrant in his underlying criminal prosecution was improper, the criminal complaint filed against him was invalid, and the District Court lacked jurisdiction. Thus, Petitioner requests that his conviction and sentence be vacated. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Petition should be (1) dismissed, or (2) construed as a Section 2255 Motion. See Pack, 218 F.3d at 452.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255

provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Petition as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Southern District of Mississippi. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Petition should not be construed and transferred as a Section 2255 Motion because Petitioner has proceeded under Section 2255 in the sentencing Court at least once before and has not obtained certification/authorization to file a second or successive Motion from the Fifth Circuit Court of Appeals.[2]

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the

---

[2] Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." 28 U.S.C. § 2244(b)(3)(A). Petitioner has sought authorization based upon all of the foregoing claims, and the Fifth Circuit denied Petitioner authorization to file a successive Section 2255 Motion.

undersigned will consider his claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction or sentence in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. In a panel opinion, the Fourth Circuit recently extended the application of the savings clause to sentencing

13

challenges. United States v. Wheeler, 886 F.3d 415 (4th Cir. March 28, 2018). For purposes of sentencing challenges, the Wheeler Court established a new savings clause test stating that Section 2255 is inadequate and ineffective to test the legality of a sentence when: "(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motion; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect."[3] Id. at 429. The Wheeler Court, however, clarified that "there is no doubt that *Jones* is still good law in this circuit." Id. at 427.

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and

---

[3] In *Wheeler*, the United States filed a petition for rehearing en banc and the Fourth Circuit stayed the mandate pending a ruling on that motion. By Order entered on June 11, 2018, the Fourth Circuit denied the petition for rehearing en banc. *United States v. Wheeler*, 734 Fed.Appx. 892 (4th Cir. 2018); *United States v. Wheeler*, No. 16-6073, Document No. 60. In denying the petition, Circuit Judge Agee explained as follows:

> The issues in this case are of significant national importance and are best considered by the Supreme Court at the earliest possible date in order to resolve an existing circuit split that the panel decision broadens even farther. Because of the potential that the case may become moot if Wheeler is released from incarceration in October 2019, as projected, I have not request a poll of the Court upon the petition for rehearing en banc in order to expedite the path for the Government to petition for certiorari to the Supreme Court.

*Id.* The United States filed a Motion to Stay Mandate on June 13, 2018, Wheeler filed his Response in Opposition on June 14, 2018 and the United States filed its Reply on June 18, 2018. *Id.*, Document Nos. 61, 63 and 65. By Order entered on June 18, 2018, the Fourth Circuit denied the United States' Motion to Stay Mandate. *Id.*, Document No. 66. The Fourth Circuit issued its Mandate on June 26, 2018. *Id.*, Document No. 67. A petition for writ of certiorari was filed on October 3, 2018. *United States v. Wheeler*, Case No. 18-00420. The United States Supreme Court denied the petition for writ of certiorari on March 18, 2019. *United States v. Wheeler*, 139 S.Ct. 1318 (2019).

cannot demonstrate that Section 2255 is inadequate or ineffective such that he could resort to Section 2241. Petitioner does not allege any substantive change in settled law occurring after his Section 2255 Motion that decriminalized the conduct of his conviction. Additionally, Petitioner cannot establish a retroactive change in substantive law such that Petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect.[4] As stated above, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Additionally, Section 2255 is not rendered inadequate merely because Petitioner has unsuccessfully pursued his claims in a prior Section 2255 Motion. Since Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion, the undersigned recommends that Petitioner's Section 2241 Petition dismissed instead of transferred.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Document No. 1), **DENY** Petitioner's "Petition for Emergency Writ of Habeas Corpus Ad Subjiciendum Pursuant to Title § 28 U.S.C. §§ 1331, 1657, 2241, 2255(f)" (Document No. 3), **DENY** Petitioner's "Writ of Habeas Corpus Ad Testificandum Seeking Order from this Court to Conduct Hearing and/or Forthwith Grant Writ of Habeas Corpus Ad Subjiciendum and Order Petitioner released from Unlawful Custody As Law and Justice Requires and/or Release Petitioner on Bail Pending Adjudication of Instant Habeas Proceeding" (Document No. 6), and **REMOVE** this matter from the Court's docket.

---

[4] Petitioner acknowledges that he cannot satisfy the second or third factors of the *Jones*/*Wheeler* test. (Document No. 3, p. 5.)

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: April 27, 2020.

Omar J. Aboulhosn
United States Magistrate Judge