```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT BLUEFIELD
```

JESSE MANUEL SKINNER,

    Petitioner,

v.                                    CIVIL ACTION NO. 1:19-00528

WARDEN C. MARUKA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

    By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Aboulhosn submitted to the court his Proposed Findings and Recommendation ("PF&R") on April 27, 2020, in which he recommended that the court deny petitioner's petition for writ of habeas corpus, deny petitioner's "Petition for Emergency Writ of Habeas Corpus Ad Subjiciendum Pursuant to Title § 28 U.S.C. §§ 1331, 1657, 2241, 2255(f)," deny petitioner's "Writ of Habeas Corpus Ad Testificandum Seeking Order from this Court to Conduct Hearing and/or Forthwith Grant Writ of Habeas Corpus Ad Subjiciendum and Order Petitioner released from Unlawful Custody As Law and Justice Requires and/or Release Petitioner on Bail Pending Adjudication of Instant Habeas Proceeding," and remove this case from the court's active docket.  (See ECF No. 7.)

In accordance with the provisions of 28 U.S.C. § 636(b), petitioner was allotted fourteen days and three mailing days in which to file any objections to Magistrate Judge Aboulhosn's Findings and Recommendation.  The failure of any party to file such objections within the time allowed constitutes a waiver of such party's right to a *de novo* review by this court.  <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989).  Petitioner timely filed objections.

## I.   **Factual Background**

Magistrate Judge Aboulhosn's PF&R chronicles the history of petitioner's conviction, sentencing, and efforts to obtain post-conviction relief (including his four previous motions under 28 U.S.C. § 2255).  To summarize, after a seven-day trial in the United States Court for the Southern District of Mississippi, a jury convicted petitioner of nine counts:  two of them for the offense of assault on law enforcement and the rest for various drug-related and firearms-related offenses.

On February 17, 2004, the district court sentenced petitioner to "[i]mprisonment for a total term of 480 months as to each of Counts 4 and 5; terms of 240 months as to each of Counts 1, 2, and 12; and terms of 120 months as to Counts 9 and 11, to be served concurrently."  (ECF No. 7.)  The district court further ordered that petitioner "be imprisoned for a term of 60 months as to each of Counts 7 and 8, with each term

2

running concurrently to each other and consecutively to the terms of imprisonment imposed in Counts 1, 2, 4, 5, 9, 11, and 12." (Id.)  Over ten years after petitioner's original sentencing, the district court reduced petitioner's sentence to a total term of 420 months, upon petitioner's motion.

Between October 27, 2006, and March 26, 2020, petitioner filed four motions under 28 U.S.C. § 2255.[1]  Petitioner has twice sought permission to file successive § 2255 petitions, and the Fifth Circuit has denied such permission each time.  Petitioner filed this petition under § 2241 on July 18, 2019.  Petitioner added nearly 100 pages to the docket with his arguments. Despite the difficulty deciphering the barrage of largely irrelevant statements that span these pages, Magistrate Judge Aboulhosn's PF&R succinctly summarizes petitioner's claims. Essentially, petitioner argues that, under his reading of the Constitution, and in light of alleged procedural errors with a search warrant issued against him, the Southern District of Mississippi never had jurisdiction over his case; therefore, his criminal conviction is void.  Petitioner states that he "proceeds under §§2241." (ECF No. 6, at 2.) and demands that he "be forthwith released from unlawful custody," (Id. at 47.), but

---

[1] The total comes to five counting this petition, which petitioner filed under 28 U.S.C. § 2241, but which must be construed as a motion under § 2255.

he does not attempt to fit his case within the savings clause of § 2255(e) or make any nonfrivolous argument for why § 2255(e) does not apply to him.

## II. Petitioner's Objections[2]

Petitioner first objects that the PF&R does not liberally construe his petition.

Second, petitioner objects to the PF&R's construing his petition as one under 28 U.S.C. § 2255, arguing that because he challenges only his "commitment and detention," as referenced in § 2242, and not his "sentence" under § 2255, he may proceed under § 2241. He seems to suggest that if he does not explicitly challenge the specific terms of his sentence, he can use § 2241 to seek immediate release from prison notwithstanding the remaining term of his sentence.

Third, petitioner objects to the PF&R as dilatory. More specifically, he suggests that a ten-month timeline "reduce[s] the] writ of habeas corpus to [a] sham" and states that there was a "lackadaisical approach to this most pressing unlawful matter." (ECF No. 10, at 4.). He objects to what he calls "the Magistrate's blatant disregard for Skinner's due process rights [in] waiting nearly ten months before coming forth with his

---

[2] Because petitioner sometimes states more than one objection per heading, and because the same objection sometimes appears under more than one heading, the following order does not necessarily correspond to petitioner's numbered headings.

bogus assessment of the instant Section 2241 Petition." (ECF No. 10, at 6.)

Fourth, petitioner objects to the PF&R's not acknowledging 28 U.S.C. § 2243, which he characterizes as "controlling." (ECF No. 10, at 4.) After quoting the first paragraph of § 2243, he suggests that there are only two options when a court receives a habeas petition: grant the writ or order the respondent to show cause. "Section 2243," he says, "is very direct and simple." (ECF No. 10, at 5.)

Fifth, petitioner next objects to the following statement from the PF&R: "The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority." (ECF No. 7, at 10.) Specifically, he takes exception with the word "merely." He asserts that use of this word in relation to the writ of habeas corpus is "borderline treasonous" and that "it would be no different for the Magistrate to say Article III is just 'merely' a general grant of judicial authority written on a piece of parchment." (ECF No. 10, at 9.)

Sixth, petitioner argues that he can proceed under § 2241 because his remedy under § 2255 is "'inadequate and ineffective' . . . to test the validity of the 'search warrant'" that he claims was defective. ECF No. 10, at 10.

Seventh, petitioner objects to the PF&R's construing his petition as a challenge to the validity of his sentence. He

5

disagrees with the PR&R's statement that "[e]ssentially, Petitioner challenges the validity of his conviction and sentence."  (ECF No. 7, at 11.)

Petitioner does not object with specificity to any other elements of the PF&R.

### III. **Standard of Review of *Pro Se* Objections**

Pursuant to Fed. R. Civ. P. 72(b), the court must "make a *de novo* determination upon the record . . . of any portion of the magistrate judge's disposition to which specific written objection has been made."  However, the court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  See Thomas v. Arn, 474 U.S. 140, 149-50 (1985).  Furthermore, *de novo* review is not required and is unnecessary "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982); see also United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."); McPherson v.

6

Astrue, 605 F. Supp. 2d 744, 749 (S.D.W. Va. 2009) ("[F]ailure to file a specific objection constitutes a waiver of the right to *de novo* review.").

"A document filed *pro se* is 'to be liberally construed.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Specifically as to objections to a PF&R, courts are "under an obligation to read a *pro se* litigant's objections broadly rather than narrowly." Beck v. Comm'r of Internal Revenue Serv., 1997 WL 625499, at *1-2 (W.D.N.C. June 20, 1997) (citing Orpiano, 687 F.2d at 48). However, objections that are "unresponsive to the reasoning contained in the PF&R" are irrelevant and must be overruled. Kesterson v. Toler, 2009 WL 2060090, at *1 (S.D.W. Va. July 7, 2009) (citing Orpiano, 687 F.2d at 47).

**IV. Discussion**

  *A. Objection to Lack of Liberal Construction*

Although the PF&R does not explicitly say that it liberally construed petitioner's petition, upon review of the record and the PF&R as a whole, it is clear that the PF&R did indeed use the liberal standard that is to be applied to *pro se* pleadings. Not counting exhibits, petitioner filed nearly one hundred pages in support of his petition, and the PF&R goes to great lengths to extrapolate meaning from these pages. Moreover, as noted above, this court will also apply a liberal standard of

7

construction to petitioner's petition, documents in support thereof, and objections to the PF&R.

### B. *Objection to Construing Petition As One under § 2255*

Petitioner relies on 28 U.S.C. § 2243 and his own denial that he is challenging his sentence to argue that his petition may proceed under § 2241. He claims that § 2243 is "controlling" and allows him to use to § 2241 to challenge his "commitment and detention" without challenging the validity of his sentence. Petitioner is wrong.

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255. See In re Vial, 115 F.3d 1192, 1194 (4th Cir.1997) (en banc). It is only when '§ 2255 proves inadequate or ineffective to test the *legality of detention*,' that a federal prisoner may pursue habeas relief under § 2241." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010)(emphasis added). The remedy under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. "A federal prisoner who seeks to challenge the legality of his conviction or sentence generally must proceed pursuant to § 2255, while § 2241 petitions are reserved for challenges to the execution of the prisoner's sentence. Farrow v. Revell, 541 F. App'x 327, 328 (4th Cir. 2013).

Petitioner appears not to understand that his demand "to be released from unlawful custody" (ECF No. 10, at 18) necessarily implicates a challenge to the validity of his conviction and sentence. Because petitioner is incarcerated pursuant to a sentence of imprisonment, he cannot argue that his incarceration is unlawful without also arguing that his sentence is unlawful. Petitioner's argument that he challenges one but not the other is like admitting that he filed his petition in the Southern District of West Virginia but disputing whether he filed it within the bounds of the Fourth Circuit. In other words, petitioner's argument for why he can sidestep § 2255 rests on a logical impossibility.

Petitioner's confusion may come from a misunderstanding as to what a challenge to a sentence is. His conception of a challenge to a "sentence" appears to be limited to a challenge to the specific terms of a sentence or an irregularity in a sentencing hearing. He states that "[a]ny jurist of reason can rationally conclude that an improper search warrant would not have anything to do with the sentencing phase." (ECF No. 10, at 10.) Petitioner erroneously seems to believe that by attacking the allegedly defective search warrant that led to his conviction and sentence, he can establish the unlawfulness of his confinement without challenging his conviction or sentence. He later concedes that if he were "challenging a sentencing

9

issue via a § 2241 claim, the Magistrate would have every right to dismiss or construe the Petition as a Section 2255." (ECF 10, at 7.)

Despite Petitioner's unsupported contentions to the contrary, his claim of a defective warrant goes to the underlying validity of his conviction and sentence. Therefore, in view of the nature of his claims, his application must be considered a Motion to Vacate, Set Aside or Correct his sentence under § 2255.

Petitioner also seems to suggest that § 2255 is only for challenges to his "guilt or innocence," which he is not challenging. (ECF No. 10, at 2). Petitioner is wrong. Challenges under § 2255 do not necessarily involve "guilt or innocence." For example, § 2255 provides that it may be used to argue "that the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255.

Thus, petitioner's objection to the PF&R's construing his petition as a challenge under § 2255 lacks merit and is **OVERRULED**.

C. *Objection to the PF&R As Dilatory*

Petitioner's objection to the PF&R as dilatory lacks merit. Petitioner cites 28 U.S.C. § 1657 for the proposition that habeas petitions are to be expedited, but he identifies no authority to support his assertion that there was undue delay

10

with his petition. Neither does he identify any authority to show that these are proper grounds upon which to object to a PF&R.

This objection is **OVERRULED**.

### D.  *Objection to the Lack of Citation to § 2243*

This objection lacks merit because it contradicts the plain text of § 2243. First, petitioner's analysis ignores the full text of this section. The first paragraph of this section provides as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto*.

28 U.S.C. § 2243 (emphasis added). Petitioner's contention that courts must act to grant the writ or order the respondent to show cause completely ignores the text, which provides that neither of these actions is necessary if, as here, the petitioner is not entitled to habeas relief. As the Fourth Circuit has explained, "[T]he court or judge has a primary duty of determining, upon the face of the facts stated in the petition, whether the prisoner is entitled to the writ [of habeas corpus]. Unless the petition itself affirmatively shows this, it is incumbent upon the court to dismiss the petition, and to refrain from issuing the writ." Slaughter v. Wright, 135

11

F.2d 613, 615 (4th Cir. 1943).

This objection is **OVERRRULED**.

### E. *Objection to the Use of the Word "Merely"*

Petitioner misreads the PF&R to downplay the importance of the writ of habeas corpus. The PF&R says that "Section 2241 is merely a *general* grant of habeas corpus authority." (ECF No. 7, at 10 (emphasis added).) In juxtaposition, the very next sentence speaks of more *specific* grants of habeas authority. Petitioner takes offense only by misreading the sentence to say, for example, "Section 2241 is a general grant of *mere* habeas corpus authority." There is no disparagement of the writ of habeas corpus as written. Petitioner's objection lacks merit.[3]

This objection is **OVERRRULED**.

### F. *Objection that § 2255 is Inadequate or Ineffective*

Petitioner objects to the PF&R's conclusion that he cannot proceed under § 2241 by claiming that § 2255 is inadequate and ineffective. His argument is that § 2255 applies only to a challenge to his sentence, while § 2241 applies to a challenge to his detention. He states his claim is based on his recent discovery that a search warrant relating to his case was not properly signed. As explained above, this argument lacks merit and appears to proceed on a fundamental misunderstanding of what

---

[3] As does his suggestion that the PF&R is "borderline treasonous." (ECF No. 10, at 9.)

12

a challenge to a sentence is.

Petitioner implies that, because his challenge is to the jurisdiction of the district court over his criminal case, it cannot be brought as a § 2255 petition, so § 2255 is inadequate or ineffective, and the savings clause of § 2255(e) applies.

Petitioner makes no attempt, however, to explain how his case falls within either of the savings clause tests that the Fourth Circuit set forth in In re Jones, 226 F.3d 328 (4th Cir. 2000) and United States v. Wheeler, 886 F.3d 415, 420 (4th Cir. 2018). "The savings clause provides that an individual may seek relief from an illegal detention by way of a traditional 28 U.S.C. § 2241 habeas corpus petition, if he or she can demonstrate that a § 2255 motion is 'inadequate or ineffective to test the legality of his detention.' 28 U.S.C. § 2255(e)." Wheeler, 886 F.3d at 419.

To meet the savings clause exception for a challenge to the validity of a conviction, a petitioner's claim must meet the following three conditions: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned substantive law changed such that the conduct of which the petitioner was convicted is deemed not to be criminal; and (3) the prisoner is unable to meet the gatekeeping provisions of §

13

2255(h)(2) for second or successive motions because the new rule is not one of constitutional law. Jones, 226 F.3d at 333-34 & n.3.

Petitioner bears the burden of establishing that he satisfies all three Jones savings clause criteria. Tillman v. Rickard, No. CV 1:18-01244, 2020 WL 1548057, at *3 (S.D.W. Va. Mar. 31, 2020), aff'd, 813 F. App'x 125 (4th Cir. 2020). The fact that relief under § 2255 is barred procedurally or by the gatekeeping requirements of § 2255 does not render the remedy of § 2255 inadequate or ineffective. See Jones, 226 F.3d at 332-33; Young v. Conley, 128 F. Supp.2d 354, 357 (S.D.W. Va. 2001); see also Cradle v. United States, 290 F.3d 536, 538-39 (3d Cir. 2002) ("It is the inefficacy of the remedy, not the personal inability to use it, that is determinative. Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.") (citations omitted). "The remedy provided under Section 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under Section 2241." Hayes v. Ziegler, No. 5:11-CV-00261, 2014 WL 670850, at *6 (S.D.W. Va. Feb. 20, 2014), aff'd, 573 F. App'x 268 (4th Cir. 2014).

Petitioner's objection lacks sufficient specificity for the

court to address it, and a *de novo* review of the PF&R's savings clause analysis reveals no error.

This objection is **OVERRRULED**.

### G.   *Objection to the Conclusion that Petitioner Challenges His Sentence*

Petitioner objects to the conclusion that his petition constitutes a challenge to the validity of his sentence.  He disagrees with the PR&R's statement that "[e]ssentially, Petitioner challenges the validity of his conviction and sentence."  (ECF No. 7, at 11.)  For the reasons explained above, this objection lacks merit.

This objection is **OVERRRULED**.

### V.   Conclusion

The court has reviewed the record, the Magistrate Judge's findings and recommendations, and petitioner's objections. For the foregoing reasons, petitioner's objections are **OVERRULED**. The court adopts the Findings and Recommendation of Magistrate Judge Aboulhosn as follows:

1. Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 is **DENIED**;
2. Petitioner's "Petition for Emergency Writ of Habeas Corpus Ad Subjiciendum Pursuant to § Title 28 U.S.C. §§ 1331, 1657, 2241, 2255(f)" is **DENIED**;

15

3. Petitioner's petition for "Writ of Habeas Corpus Ad Testificandum Seeking Order from this Court to Conduct Hearing and/or Forthwith Grant Writ of Habeas Corpus Ad Subjiciendum and Order Petitioner released from Unlawful Custody As Law and Justice Requires and/or Release Petitioner on Bail Pending Adjudication of Instant Habeas Proceeding" is **DENIED**;

4. This action is **DISMISSED**; and

5. The Clerk is directed to remove this case from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and unrepresented parties.

**IT IS SO ORDERED** this 25th day of September, 2020.

ENTER:

*David A. Faber* (signature)

David A. Faber
Senior United States District Judge