```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT BLUEFIELD
```

JESSE MANUEL SKINNER,

    Petitioner,

v.                                    CIVIL ACTION NO. 1:19-00528

WARDEN C. MARUKA,

    Respondent.

<u>**MEMORANDUM OPINION AND ORDER**</u>

    Pending before the court is petitioner's motion for reconsideration (ECF No. 14) of the court's order of September 25, 2020 (ECF No. 11), (1) denying petitioner's 28 U.S.C. § 2241 petition; (2) denying petitioner's "Petition for Emergency Writ of Habeas Corpus Ad Subjiciendum Pursuant to § Title 28 U.S.C. §§ 1331, 1657, 2241, 2255(f)"; (3) denying petitioner's petition for "Writ of Habeas Corpus Ad Testificandum Seeking Order from this Court to Conduct Hearing and/or Forthwith Grant Writ of Habeas Corpus Ad Subjiciendum and Order Petitioner released from Unlawful Custody As Law and Justice Requires and/or Release Petitioner on Bail Pending Adjudication of Instant Habeas Proceeding"; and (4) dismissing this action.  For the reasons discussed below, the motion for reconsideration is **DENIED**.

    On the propriety of granting a motion to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated that " a district court has

the discretion to grant a Rule 59(e) motion only in very narrow circumstances: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice.'"  Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chemical Workers Union, 34 F.3d 233, 236 (4th Cir.1994)); see also United States ex rel. Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002), cert. denied, 538 U.S. 1012 (2003).  The circumstances under which this type of motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'"  Woodrum v. Thomas Mem'l. Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D.W. Va. 1999) (citation omitted).

> Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance.

Pac. Ins. Co. v. Am. Nat. Fire Ins., 148 F.3d 396, 403 (4th Cir. 1998).  "[M]ere disagreement" with a court's legal analysis "does not support a Rule 59(e) motion."  Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993).

Plaintiff's motion does not fall within the limited circumstances under which a Rule 59(e) motion may be granted as enunciated by the Fourth Circuit.  Although petitioner refers to

2

the Fourth Circuit's savings clause jurisprudence (namely, <u>In re Jones</u>, 226 F.3d 328, 333 (4th Cir. 2000) and <u>United States v. Wheeler</u>, 886 F.3d 415, 419 (4th Cir. 2018), <u>cert. denied</u>, 139 S. Ct. 1318 (2019)), he makes no attempt to show that his case passes either of the tests set forth in that jurisprudence. Rather, he continues to press his meritless argument that because he attacks the sentencing court's jurisdiction, he is exempt from those tests.

This court is not the first to tell petitioner that his argument fails. At least two other courts have already done so. Analyzing a similar § 2241 challenge by petitioner (one claiming that the federal government "lacked jurisdiction to prosecute, convict, and sentence [him]"), Magistrate Judge Jacquelyn D. Austin in the District of South Carolina stated,

> Here, Petitioner appears to claim he is entitled to
> immediate release from BOP custody because the Federal
> Government is not authorized to prosecute drug crimes.
> This type of claim, to the extent it presents any arguable
> basis in law, should usually be brought under § 2255 in the
> sentencing court. <u>Rice</u>, 617 F.3d at 807. The Petition is
> devoid of allegations suggesting that § 2255 is inadequate
> or ineffective such that the savings clause would apply to
> permit Petitioner to raise his claims under a § 2241
> petition.

<u>Skinner v. Mosley</u>, No. CV 8:18-1908-JFA-JDA, 2018 WL 8497900, at *3 (D.S.C. Aug. 14, 2018), <u>report and recommendation adopted</u>, No. CV 8:18-1908-JFA-JDA, 2019 WL 2394147 (D.S.C. June 6, 2019). The district court reiterated this in response to petitioner's

objections to Magistrate Judge Austin's report and recommendation.[1]  Skinner v. Mosley, No. CV 8:18-1908-JFA-JDA, 2019 WL 2394147, at *5 (D.S.C. June 6, 2019) (rejecting petitioner's claim there that "since his conviction was illegal it 'negates any further consideration of the [savings clause] test.'").

In dismissing another § 2241 petition by petitioner, Magistrate Judge Autumn D. Spaeth in the Central District of California noted petitioner's failure to explain why his jurisdictional argument was not the proper subject of a direct appeal or § 2255 application.  Skinner v. United States Dep't of Justice, No. 518CV00627DMGADS, 2018 WL 7893014, at *8 (C.D. Cal. Dec. 26, 2018), report and recommendation adopted, No. 518CV00627DMGADS, 2019 WL 1437588 (C.D. Cal. Mar. 29, 2019). The court there stated,

> Accordingly, Petitioner has failed to show that he has not had any unobstructed procedural shot at presenting his claim in the trial court and has therefore failed to establish that Section 2255 is either inadequate or ineffective for invoking the savings clause.  The fact that he may now be procedurally barred from obtaining relief does not alter that conclusion.

Id.

---

[1] Petitioner's objections in that case described Magistrate Judge Austin's proposed findings as containing "the most absurd, most ridiculous and ignorant statement [he] ha[d] ever heard in almost twenty (20) years of litigating."  Skinner v. Mosley, No. CV 8:18-1908-JFA-JDA, 2019 WL 2394147, at *3 (D.S.C. June 6, 2019).

This court joins the chorus and reiterates that because petitioner seeks immediate release from imprisonment and because he is imprisoned pursuant to a sentence imposed by a district court, his challenge is to the legality of his conviction or sentence; as such, no district court has jurisdiction to entertain his petition under § 2241 unless petitioner can show that § 2255 is "inadequate or ineffective to test the legality of his detention."  See § 2255; Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (quoting In re Vial, 115 F.3d 1192, 1194 (4th Cir.1997) (en banc)) ("It is only when '§ 2255 proves inadequate or ineffective to test the legality of detention,' that a federal prisoner may pursue habeas relief under § 2241.").

Instead, petitioner advances his own interpretation of § 2241, which would allow him to seek immediate release from prison without challenging his conviction or sentence, thereby evading the savings clause.  In support of his interpretation, he invokes Chief Justice John Marshall.  Specifically, he relies upon the following quote from the Chief Justice's opinion for the Court in Ex parte Bollman, 8 U.S. 75, 117 (1807):  "The question whether the individual shall be imprisoned is always distinct from the question whether he shall be convicted or acquitted of the charge on which he is to be tried, and

therefore these questions are separated, and may be decided in different courts."  8 U.S. at 101.

The facts in <u>Bollman</u> formed the basis for the famous treason case against Aaron Burr.  Paul D. Halliday, G. Edward White, <u>The Suspension Clause: English Text, Imperial Contexts, and American Implications</u>, 94 Va. L. Rev. 575, 683-84 (2008). Two alleged Burr co-conspirators—Dr. Justus Erich Bollman and Samuel Swartwout—were arrested after Burr had entrusted them with duplicates of a letter to General James Wilkinson and Wilkinson, in turn, alerted President Jefferson to the allegedly treasonous enterprise.  <u>Id.</u>  While in custody, "Bollman was denied access to counsel and the courts and placed on a U.S. warship for transportation to Baltimore, the seaport closest to Washington.  After his arrival, he and Swartwout were taken under guard to Washington and imprisoned."  <u>Id.</u> at 84.

An initial question was whether the court had the power to issue a writ of habeas corpus:

> Chief Justice Marshall held that the Supreme Court had the statutory power to issue a writ of habeas corpus for the release of two prisoners held for trial under warrant of the Circuit Court of the District of Columbia, but the Court rejected the argument that the Court had inherent power to issue the common law writs, other than habeas corpus ad prosequendum and habeas corpus ad testificundum.

<u>Brown v. Taylor</u>, No. CIV. 11-4709 NLH, 2011 WL 3957533, at *2 (D.N.J. Sept. 7, 2011).  The Court went on to grant habeas relief to Bollman and Swartwout.

Unfortunately for petitioner here, Bollman does not support his argument.   In contrast to Skinner, Bollman and Swartwout were in custody on pending charges, not serving sentences of imprisonment imposed after a jury verdict of guilty.   Bollman states, "As preliminary to any investigation of the merits of this motion, this court deems it proper to declare that it disclaims all jurisdiction not given by the constitution, or by the laws of the United States."   8 U.S. at 93.   So too here. Because petitioner has not shown how § 2255 is "inadequate or ineffective," as defined by binding case law in this circuit, this court has no jurisdiction to entertain the petition. Because the motion for reconsideration does not even attempt to rectify this fatal flaw in his motion for reconsideration, and for the foregoing reasons, petitioner's motion is **DENIED**.

IT IS SO ORDERED this 27th day of January, 2021.

ENTER:

_David A. Faber_

David A. Faber
Senior United States District Judge